UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE M. HUBY,

     Plaintiff,

                             No. 19-cv-13419

v

                             HON. JUDITH E. LEVY

STATE OF MICHIGAN,

                             MAG. DAVID R. GRAND

     Defendant.

Nicole Huby
Plaintiff in Pro Per
11290 Middlebelt Road
Livonia MI 48150
(734) 604-8523


Kendell S. Asbenson (P81747)
Attorney for Defendant
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
(517) 335-7640 – Fax
_____/

**DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS**

     Defendant State of Michigan moves for dismissal of Plaintiff's

complaint for employment discrimination.  Plaintiff Nicole Huby's

complaint has two counts alleging violations of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and (2) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12117 (ADA). The State of Michigan requests dismissal of Huby's first claim under Fed. R. 12(b)(6) because Huby has failed to state a claim upon which relief can be granted. The State of Michigan further requests dismissal of Huby's second claim, alleging violations of the ADA, under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction to adjudicate Huby's ADA claim as the State of Michigan has Eleventh Amendment immunity from such claim.

On March 6, 2020, and multiple times on March 9, 2020 and March 10, 2020, pursuant to Local Rule 7.1, counsel called Plaintiff Huby to discuss this motion and obtain her concurrence, but counsel was unable to speak with Huby. Counsel also sent an email regarding this motion to Huby on March 10, 2020, but at the time of the filing has not received a response from Huby.

Respectfully submitted,

Dana Nessel
Attorney General


*s/Kendell S. Asbenson*
Kendell S. Asbenson
Assistant Attorney General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
Asbensonk@michigan.gov
P81747

Dated:  March 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record or parties appearing *in pro per* in the above-captioned case by mailing the same to her at her respective address listed above, with first class postage fully prepaid.


*s/Kendell S. Asbenson*
Assistant Attorney General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
Asbensonk@michigan.gov
P81747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE M. HUBY,

    Plaintiff,

                                   No. 19-cv-13419

v

                                   HON. JUDITH E. LEVY

STATE OF MICHIGAN,

                                   MAG. DAVID R. GRAND

    Defendant.


Nicole Huby
Plaintiff in Pro Per
11290 Middlebelt Road
Livonia MI 48150
(734) 604-8523


Kendell S. Asbenson (P81747)
Attorney for Defendant
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
(517) 335-7640 – Fax

_____/

**BRIEF IN SUPPORT OF DEFENDANT STATE OF MICHIGAN'S
MOTION TO DISMISS**

Dana Nessel
Attorney General

Kendell S. Asbenson (P81747)
Attorneys for Defendant
Michigan Department of
Attorney General
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659

Dated:  March 10, 2020

# TABLE OF CONTENTS

Page

Table of Contents ...................................................................i

Index of Authorities.............................................................ii

Concise Statement of Issues Presented ..................................v

Controlling or Most Appropriate Authority............................v

Statement of Facts ...............................................................1

Argument..............................................................................2

I.     Huby has failed to state a claim because she has not pled
       facts sufficient to state a claim for racial discrimination or a
       hostile work environment. ..........................................2

       A.     Standard of Review. ...........................................2

       B.     Analysis .............................................................3

              1.     Plaintiff has failed to state a claim for
                     discrimination. ...........................................4

              2.     The complaint does not state a claim for hostile
                     work environment. ....................................10

              3.     Plaintiff fails to state a claim for retaliation..............12

II.    The ADA brought against the State of Michigan is barred by
       the Eleventh Amendment. .........................................13

       A.     Standard of Review ..........................................13

       B.     Analysis ...........................................................14

Conclusion and Relief Requested.........................................17

Certificate of Service ..........................................................18

i

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Alabama v. Pugh*, 438 U.S. 781 (1978) .............................................. 14, 15

*Alden v. Maine*, 527 U.S. 706 (1999) ........................................................ 15

*Allen v. Michigan Dep't of Corrections,* 165 F.3d 405 (6th Cir. 1999) ........................................................................................ 13

*Angel v. Kentucky*, 314 F.3d 262 (6th Cir. 2002) .................................... 13

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .......................................... 13

*Arnold v. City of Columbus*, 515 F. App'x 524 (6th Cir. 2013) ................ 8

*Ash v. Tyson Foods, Inc.*, 190 Fed. Appx 924 (11th Cir. 2006) ................ 7

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...................................................... 4

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234 (1985) ........................ 15

*Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) ............. 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................... 3, 4

*Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998) .................................... 5

*Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) ....... 12

*Carten v. Kent State Univ.*, 282 F.3d 391 (6th Cir. 2002) ...................... 14

*Devitt v. Potter*, 234 F.Supp.2d 1034 (D.N.D. 2002) ................................ 6

*Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018) ................................ 4, 9

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) ............................. 11

*Forkkio v. Powell*, 306 F.3d 1127 (D.C. Cir. 2002.) .................................. 6

*Haines v. Kerner*, 404 U.S. 519 (1972) ...................................................... 4

*Halfacre v. Home Depot, USA, Inc.*, 221 Fed. Appx. 424 (6th Cir. 2007) ................................................................................ 7

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) ................. 14

*Kocsis v. Multi-Care Management*, 97 F.3d 876 (6th Cir. 1996) .............. 6

*Lahar v. Oakland County*, 304 Fed. Appx. 354 (6th Cir. 2008) .............. 6

*Ludwig v. Bd of Trustees*, 123 F.3d 404 (6th Cir. 1997) ........................... 3

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) .................... 4, 5

*Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584 (6th Cir. 2007) ................................................................................ 12

*Murphy v. Sofamor Danek Group*, 123 F.3d 394 (6th Cir. 1997) ............. 3

*Nichols v. Muskingum College*, 318 F.3d 674 (6th Cir. 2003) ............... 14

*Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89 (1984) .......... 14

*Reed v. Procter & Gamble Mfg. Co.*, 556 F. App'x 421 (6th Cir. 2014) ................................................................................ 10

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996) ........................... 14

*Trzebuckowski v. City of Cleveland*, 319 F.3d 853 (6th Cir. 2003) ........... 3

*United States v. Georgia*, 546 U.S. 151 (2006) ..................................... 15

*University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013) ..................................................................... 12

*White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789 (6th Cir. 2004) (en banc) ..................................................................... 6

*Williams v. CSX Trans. Co.*, 643 F.3d 502 (6th Cir. 2011) ................... 10

*Worthy v. Michigan Bell Tel. Co.*, 472 Fed. Appx 342 (6th Cir. 2012) ................................................................................ 7

*Wright v. Murray Guard, Inc.*, 455 F.3d 702 (6th Cir. 2006) ................... 5

*Zanders v. Potter*, 223 Fed. Appx. 470 (6th Cir. 2007) ............................6

**Statutes**

42 U.S.C. § 12101 .................................................................................1

42 U.S.C. § 12117 .................................................................................1

42 U.S.C. § 2000e .................................................................................1

42 U.S.C. § 2000e-17 ............................................................................1

U.S. Const., Amend. XI ....................................................... 13, 14, 15, 16

**Rules**

Fed. R. Civ. P. 12 (b)(1) .....................................................................13

Fed. R. Civ. P. 4(d) ...............................................................................1

Fed. R. Civ. P. 8(a)(2) ...........................................................................3

Fed. R. Civ. P. 12(b)(6) .........................................................................2

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Whether Plaintiff Nicole Huby's complaint states a claim for an alleged violation of Title VII?

2.   Whether Huby's Claim under the ADA is barred by the Eleventh Amendment and must be dismissed?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018)

*Alabama v. Pugh*, 438 U.S. 781 (1978)

*Alden v. Maine*, 527 U.S. 706 (1999)

*Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996)

## STATEMENT OF FACTS

On or about November 19, 2019, Plaintiff Nicole Huby filed the present lawsuit.  Huby mailed a copy of her complaint to the Michigan Attorney General.  (Complaint Ex 1, p. 1.)  The Michigan Attorney General is not authorized to accept service on behalf of the State of Michigan.  The State of Michigan offered to waive service of process to save Plaintiff any additional expense of service pursuant to Fed. R. Civ. P. 4(d), but Plaintiff did not concur.  Regardless, Defendant State of Michigan now waives service of process, but does not waive jurisdiction.

Huby's complaint alleges (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and (2) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12117 (ADA).  The complaint alleges that Huby is "experiencing continued harassment, racial discrimination, and demotion" (Compl, R. 1, pp. 6, Page ID #6.)  The complaint goes on to state that "Dee Ann Young's racism let to Kent county bringing a dog" (*Id.*)  It is further alleged that Huby's "work was unfairly scrutinized and actions stereotypically assessed because [Huby is] Black."  (*Id.*)  The complaint says "management continues to ignore my plight for

example, I have recently been transferred to another department without all the rights, pay and privileges I had before – This time I am expected to train fellows and students and staff." (*Id.*)  Finally, it is alleged in the complaint that Huby has been treated "as if I have an intellectual problem and disciplined. . . ."  According to the complaint, "The prior settlement [Huby entered into with her employer] did not work." (*Id.* Page ID #7.)  Huby also clearly does not "want to work under Dr. Donna Rinnas formerly Kelland in any manner" and Huby wants "the same autonomy [that her] colleagues have without sabotage of my schedule and access to pay (ex. OT)." (*Id.*)

## ARGUMENT

### I.   Huby has failed to state a claim because she has not pled facts sufficient to state a claim for racial discrimination or a hostile work environment.

#### A.   Standard of Review.

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted.  Plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial. Under Rule 12(b)(6), a complaint may be dismissed if no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Ludwig v. Bd of Trustees*, 123 F.3d 404,

408 (6th Cir. 1997). This Court must construe the complaint in the

light most favorable to the Plaintiffs, accept all factual allegations as

true, and determine whether it is established beyond a doubt that

Plaintiffs can prove no set of facts in support of his claim that would

entitle them to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853,

855 (6th Cir. 2003). This Court need not accept as true legal

conclusions or unwarranted factual inferences. *Murphy v. Sofamor*

*Danek Group*, 123 F.3d 394, 400 (6th Cir. 1997).

## B.   Analysis

To state a claim under Fed. R. Civ. P. 8(a)(2), a complaint must

"give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations omitted). Rule 8(a)(2) "requires a 'showing,' rather

than a blanket assertion, of entitlement to relief." *Id.* at n.3. The

*Twombly* Court recognized that, "[w]ithout some factual allegation in

the complaint, it is hard to see how a claimant could satisfy the

requirement of providing not only 'fair notice' of the nature of the claim,

but also 'grounds' on which the claim rests." *Id.* "To survive a motion to

3

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570, (2007)).

*Pro se* complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But even under the less stringent standard allowed for *pro se* complaints, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named Defendant.

With regard to claims made under Title VII, the Sixth Circuit has held that "a Title VII claim must plead sufficient factual allegations to satisfy *Twombly* and *Iqbal* in alleging the required element of discriminatory intent." *Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018).

### 1.    Plaintiff has failed to state a claim for discrimination.

The complaint lists no direct evidence of discrimination; therefore, the burden shifting test found in *McDonnell Douglas Corp. v. Green* applies. 411 U.S. 792, 802-803 (1973); *see also Bartlett v. Gates*, 421 F.

4

App'x 485, 488 (6th Cir. 2010).  Under *McDonnell Douglas*, to establish

a *prima facie* case of employment discrimination, a plaintiff must

demonstrate:  (1) she is a member of a protected class; (2) she was

qualified for her job; (3) she suffered an adverse employment decision;

and (4) she was treated differently than similarly-situated non-

protected employees.  *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707

(6th Cir. 2006).

An action is "materially adverse" for purposes of a Title VII claim

when it would "dissuade a reasonable worker from making or

supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry.*

*Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation omitted).

"[P]etty slights, minor annoyances, and simple lack of good manners

will not create such deterrence."  *Id.*  An adverse employment action

"constitutes a significant change in employment status, such as hiring,

firing, failing to promote, reassignment with significantly different

responsibilities, or a decision causing a significant change in benefits."

*Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998).  An employment

action must amount to "a materially adverse change" in the terms or

conditions of employment to be actionable.  *Kocsis v. Multi-Care*

*Management*, 97 F.3d 876, 885 (6th Cir. 1996).  The action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities."  *Id.* at 886.  Purely subjective injuries, such as dissatisfaction with a reassignment, public humiliation, or loss of reputation or prestige are insufficient to establish an adverse employment action.  *Forkkio v. Powell*, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002).  "To prevent lawsuits based upon trivial workplace dissatisfactions, [the court] requires that a plaintiff prove the existence of an 'adverse employment action' to support a Title VII claim."  *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc).  The Sixth Circuit and other courts have held that discussions, reprimands and letters of warning are not adverse employment actions.  *Zanders v. Potter*, 223 Fed. Appx. 470 (6th Cir. 2007); *Devitt v. Potter*, 234 F.Supp.2d 1034, 1040 (D.N.D. 2002).

Whether the action is materially adverse is an objective standard, considering the reactions of "a reasonable employee," not the plaintiff. *Burlington*, 548 U.S. at 68-69; *see also Lahar v. Oakland County*, 304 Fed. Appx. 354, 357 (6th Cir. 2008).  Actions short of termination and demotion are only materially adverse actions if they "significantly

6

impact an employee's wages or professional advancement." *Halfacre v. Home Depot, USA, Inc.*, 221 Fed. Appx. 424, 432-33 (6th Cir. 2007).

### a. Bringing a dog is not discrimination.

The complaint states "Dee Ann Young's racism let to Kent county bringing a dog" (*Id.* Page ID #6.) There is no indication of what is meant by "bringing a dog." There is no alleged fact that would indicate why this was anything more than a petty slight or minor annoyance, and is therefore, not an adverse action. *Burlington Northern*, 548 U.S. at 68.

### b. Stray remarks are not discrimination.

Plaintiff alleges that she has been called names, but fails to identify who called her names and fails to state how any these names were related to any allegedly adverse actions taken against her. The Sixth Circuit has held that ambiguous, "'stray remarks not uttered in the context of the decisions at issue . . . are not sufficient circumstantial evidence of bias[.]'" *Worthy v. Michigan Bell Tel. Co.*, 472 Fed. Appx 342, 347 (6th Cir. 2012) (quoting *Ash v. Tyson Foods, Inc.*, 190 Fed. Appx 924, 926 (11th Cir. 2006)).

### c.     Increased scrutiny is not discrimination.

Huby alleges her "work was unfairly scrutinized and actions stereotypically assessed because I am Black." (*Id.* Page ID #6.)  The complaint, however, does not allege who did this to Huby, what effect it had on Huby, nor when the alleged events took place.  All of these would be necessary to determine if the alleged unfair scrutiny was an adverse action.  Further, the Sixth Circuit has held that "employer investigations into suspected wrongdoing by employees, standing alone, generally do not constitute adverse employment actions." *Arnold v. City of Columbus*, 515 F. App'x 524, 531 (6th Cir. 2013).  Here there is no indication that Huby faced anything more than scrutiny and increased scrutiny or even an investigation, standing alone, is not an adverse employment action.  *See Id.*

### d.     The complaint does not allege sufficient facts to show any kind of material demotion.

The complaint does not indicate when the alleged demotion took place, nor does it distinguish whether any of these things happened before or after "[t]he prior settlement [that] did not work." (*Id.* Page ID #7.)  The complaint states that: "management continues to ignore my plight for example, I have recently been transferred to another

department <u>without</u> all the rights, pay and privileges I had before –
This time I am expected to <u>train</u> fellows and students and staff.  Yet the
evaluation services department treated me as if I have an intellectual
problem and disciplined me."  (*Id.* Page ID #6.)

　　As stated above "a Title VII claim must . . . alleg[e] the required
element of discriminatory intent."  *Miami Univ.*, 882 F.3d at 589.  The
complaint in this case does not list any discriminatory intent.  The
complaint alleges that the discipline and demotion actions were taken
because of some belief that Huby had "an intellectual problem."  There
is no indication of race-based discriminatory intent.  If there can even
be an inference of some kind of disability discriminatory intent from
these alleged facts, it will be addressed below.

　　It is clear that Huby wants her "posh assignment" back and does
not "want to work under Dr. Donna Rinnas formerly Kelland in any
manner."  But there is no factual allegation that the Defendant State of
Michigan took any kind of adverse action against Huby, acted with any
kind of discriminatory intention toward Huby, or treated Huby
differently than anyone else.  (*Id.*)

9

The complaint also alleges that the State of Michigan failed to promote Huby but does not identify a single position for which Huby applied.

Huby has failed give fair notice of what her claim is and the grounds upon which it rests.

### 2.   The complaint does not state a claim for hostile work environment.

To prove a hostile work environment claim under Title VII a plaintiff must claim (1) that she was a member of a protected class; (2) that she was subjected to unwelcome racial harassment; (3) that the harassment was based on race; (4) the harassment altered the conditions of her employment and created an abusive work environment; and (5) that the employer knew or should have known about the harassment and did not act. *Reed v. Procter & Gamble Mfg. Co.*, 556 F. App'x 421, 432 (6th Cir. 2014) (citing *Williams v. CSX Trans. Co.*, 643 F.3d 502, 511 (6th Cir. 2011)).

A plaintiff must establish that the harassment was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Id.* at 431-432.  Further "simple teasing, offhand comments, and isolated incidents (unless

10

extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Huby has pled no facts that support a claim of a hostile work environment. Along with many other conclusory statements Huby states that she "experienced continued harassment." (Compl Page ID #6.) Huby, however, provides no evidence of element two or three because she has not shown that she was subjected to unwelcome racial harassment nor that the harassment was based on race. Contrary to race being the issue, Huby alleged that she was treated like she had "an intellectual problem." (*Id.*) Huby claims she was called a "coon", but she does not indicate that she was ever called any kind of name more than once – this is simply not severe or pervasive. (*Id.*) The complaint states no fact to support an allegation that there was any term of employment that was changed by any supposed harassment. More than any of this, however, the complaint never states that any of the alleged misconduct was ever reported to the State of Michigan.

The complaint fails to state a claim for a hostile work environment.

### 3.    Plaintiff fails to state a claim for retaliation.

The box for retaliation is checked on the complaint, but the

complaint fails to allege facts to support such a claim.

To set forth a *prima facie* case of retaliation under Title VII, a

plaintiff must demonstrate:  (1) that she engaged in protected activity;

(2) that the protected activity was known to Defendant; (3) that she

suffered a materially adverse employment action or was subjected to

severe or pervasive retaliatory harassment by a supervisor; and (4)

causation between the protected activity and adverse employment

action.  *White*, 548 U.S. at 68; *Michael v. Caterpillar Fin. Servs. Corp.*,

496 F.3d 584, 595 (6th Cir. 2007).

In *University of Texas Southwestern Medical Center v. Nassar*, the

court held that a plaintiff must establish but-for causation in order to

make a claim of retaliation under Title VII.  570 U.S. 338, 360 (2013).

As a result, Title VII retaliation claims may no longer be based on a

"mixed motive" theory.  An aggrieved employee must now show that the

adverse employment action would not have occurred "but-for" the

protected activity.  *Id.*  To establish a causal connection, a plaintiff must

demonstrate that "the adverse action would not have been taken had

the plaintiff not filed a discrimination action." *Allen v. Michigan Dep't of Corrections,* 165 F.3d 405, 413 (6th Cir. 1999).  Conclusory allegations are not sufficient to establish causation.  *Id.*

Plaintiff has failed to allege that she engaged in any protected activity.  Plaintiff has also not alleged any adverse action.  And even if she had, Plaintiff has failed to allege any fact to provide a causal link the purported protected activity to any alleged adverse action.

## II.    The ADA brought against the State of Michigan is barred by the Eleventh Amendment.

### A.    Standard of Review

Motions under Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction based on Eleventh Amendment immunity can be raised at any time, even after trial and the entry of judgment.  Fed. R. Civ. P. 12 (h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) (emphasis added). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and

both parties are free to supplement the record by affidavits." *Nichols v.*

*Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## B.    Analysis

Huby's claim under the ADA is barred by the Eleventh

Amendment.  The Eleventh Amendment to the United States

Constitution provides that "the judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of another state,

or by citizens or subjects of any foreign state."  U.S. Const., Amend.  XI.

Accordingly, the Eleventh Amendment to the United States

Constitution prevents a state from being sued in federal court without

its consent.  *Alabama v. Pugh*, 438 U.S. 781 (1978).

The Eleventh Amendment bars this Court's jurisdiction over

claims against the State of Michigan, irrespective of the relief

requested, unless immunity is expressly waived by either Congress or

the State.  *Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89, 99-

101 (1984); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Idaho*

*v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *Carten v. Kent*

*State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002) ("The Eleventh

14

Amendment on its face applies equally to suits in law and equity.")  An

unconsenting state is immune from lawsuits brought in federal court by

its own citizens, as well as citizens of another state.  *Alden v. Maine*,

527 U.S. 706, 712-713 (1999).

The Supreme Court has consistently ruled that the Eleventh

Amendment is a bar to lawsuits against states, state agencies or state

departments unless specifically overridden by an act of Congress, or

unless the state has consented to be sued.  *Alabama*, 438 U.S. at 781-

782; *United States v. Georgia*, 546 U.S. 151, 159 (2006).  In *Atascadero*

*State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), for example, the

Supreme Court held that the test of waiver "is a stringent one" in which

the non-consenting state must affirmatively "specify the state's

intention to subject itself to suit in federal court:"

> The test for determining whether a state has waived its
> immunity from federal-court jurisdiction is a stringent
> one…in order for a state statute or constitutional provision
> to constitute a waiver of Eleventh Amendment immunity; *it*
> *must specify the state's intention to subject itself to suit in*
> *federal court*.

Neither the State of Michigan, nor any of its agencies, has

evidenced any intention, much less specifically endeavored, to waive

sovereign immunity for the purposes of Huby's claims.  Furthermore,

15

Congress has not abrogated the State's immunity for purposes of Huby's claims.

Not only is Huby's ADA claim barred by the general principles of Eleventh Amendment immunity, but also by specific Supreme Court precedent.  In 2001, the United States Supreme Court unequivocally held that ADA Title I claims (employment claims) against the State and its departments and agencies are barred by the Eleventh Amendment. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).

The State of Michigan is the only Defendant in this case.  Huby is an employee of the Michigan Department of Health and Human Services, which is a department of the State of Michigan.

Huby is attempting to sue the State of Michigan under Title I of the ADA alleging discrimination in employment based upon her purported disability, which appears to be an allegation that she is experiencing employment discrimination because she has "an intellectual problem."  There is no other Title of the ADA that would fit Huby's claim.  Thus, *Garrett* bars Huby's ADA claim and this Court should dismiss Count II of Huby's complaint.

## CONCLUSION AND RELIEF REQUESTED

Defendant State of Michigan, therefore, prays that this Court grant this motion and enter an order dismissing Plaintiff Nicole Huby's complaint with prejudice.

Respectfully submitted,

Dana Nessel
Attorney General


*s/Kendell S. Asbenson*
Kendell S. Asbenson
Assistant Attorney General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
Asbensonk@michigan.gov
P81747

Dated:  March 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record or parties appearing *in pro per* in the above-captioned case by mailing the same to her at her respective address listed above, with first class postage fully prepaid.

*s/Kendell S. Asbenson*
Assistant Attorney General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
Asbensonk@michigan.gov
P81747