UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE M. HUBY,

         Civil Action No. 19-13419
   Plaintiff,   Honorable Judith E. Levy
v.          Magistrate Judge David R. Grand

STATE OF MICHIGAN,

   Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY AS MOOT
DEFENDANT'S MOTION TO DISMISS (ECF No. 8) AND TO DISMISS
PLAINTIFF'S COMPLAINT (ECF No. 1)**

**I. REPORT**

  **A. Background**

On November 19, 2019, Plaintiff Nicole Huby ("Plaintiff") filed an employment discrimination complaint against Defendant State of Michigan ("Defendant"). (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 4).

On March 10, 2020, Defendant filed a motion to dismiss and brief in support. (ECF No. 8). On March 11, 2020, this Court issued an order directing Plaintiff to file a response to Defendant's motion on or before April 3, 2020. (ECF No. 9). Subsequently, the Court granted Plaintiff's motion for extension of time and permitted her an additional sixty (60) days – until June 2, 2020 – to respond to

Defendant's dispositive motion. (ECF No. 11).

When Plaintiff still had not filed a response to Defendant's motion by July 7, 2020, the Court issued an Order to Show Cause. (ECF No. 12). In that Order, Plaintiff was ordered to show cause, in writing, on or before July 21, 2020, why this Court should not recommend that Defendant's motion to dismiss be granted. (*Id.*). Alternatively, Plaintiff was given until July 21, 2020 to file a response to Defendant's motion. (*Id.*). In that order, Plaintiff was expressly warned that the "[f]ailure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendant's motion, may result in a recommendation that Defendant's motion be granted and/or that Plaintiff's claims be dismissed under Fed. R. Civ. P. 41(b)." (*Id.*, PageID.77-78).

On July 22, 2020, Plaintiff's attorney, Raymond Mullins, filed a "Proof of Service," indicating that, on July 21, 2020, he had "mailed Plaintiff's Answer to Defendant State of Michigan's Motion to Dismiss and this proof of service" to Defendant's attorney at the address listed on the docket. (ECF No. 13). Because the document filed by Plaintiff's attorney was not actually a response to Defendant's motion to dismiss, but, instead, was simply a proof of service, it was stricken. (7/22/20 Text Entry). When the Court contacted Mr. Mullins via email about this error, he provided repeated assurances that he would promptly file Plaintiff's response to Defendant's motion to dismiss and/or the Court's Order to Show Cause.

That task should have been easy enough given Mr. Mullins' representation that he had already served a copy of the response brief on Defendant. However, Mullins never followed through, and on August 25, 2020, the Court scheduled a Show Cause Hearing for September 10, 2020. (ECF No. 14).

At that hearing, Mr. Mullins apologized for the delay in filing Plaintiff's response to Defendant's motion to dismiss, indicating that he needed some additional time to prepare and file a suitable pleading. While this contention made no sense given the history described above, the Court still was willing to indulge Mr. Mullins – a member of the Michigan State Bar for many decades who claimed that technological challenges were impacting his ability to prepare and file Plaintiff's response – and indicated that it would allow Plaintiff an additional, reasonable period of time to file a response to Defendant's motion to dismiss. The Court thus entered the following minute entry, the substance of which was discussed and acknowledged by Mullins during the Show Cause Hearing:

> Telephone hearing held regarding Order to Show Cause (#12). During the hearing, it was agreed that Plaintiff shall have until **Friday, October 2, 2020**, to file a response to Defendant's pending motion to dismiss (#8). **In light of the circumstances discussed by the Court in detail on the record, Plaintiff was expressly advised that her failure to file a timely response will result in a recommendation that her case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.** Defendant may file a reply brief in support of its motion within the time frame set forth in the applicable Local Court Rules.

(9/10/20 Text Entry) (emphasis added). To date, however, Plaintiff has still failed

3

to file a response to Defendant's motion to dismiss.

**B.     Analysis**

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Plaintiff's failure to respond to Defendant's motion to dismiss is due to willfulness, bad faith, or fault. However, the Court notes that Plaintiff has not participated in this case in any meaningful way in more than six months. Specifically, after moving the Court for an extension of time to respond to Defendant's motion to dismiss (ECF No. 10), which was granted (ECF No. 11), Plaintiff has not responded to Defendant's motion or the Court's Order to Show Cause, despite repeated opportunities to do so. Thus, the first[1] factor weighs in favor of dismissal. As to the second factor, Defendant is prejudiced by having this action pending against it without it being advanced to a

---

[1] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*

5

timely conclusion due to Plaintiff's apparent abandonment of her claims. The Court is sympathetic to Defendant's plight, as it has been forced to expend time and resources researching and drafting its motion to dismiss, despite the fact that Plaintiff apparently is not inclined to pursue her case.

Finally, the third and fourth factors weigh heavily in favor of dismissal, as Plaintiff has been given clear warnings that her failure to respond to Defendant's motion would result in the dismissal of her claims. As set forth above, at the Show Cause Hearing, Plaintiff's attorney was expressly advised that the failure to file a response to Defendant's motion to dismiss by October 2, 2020, would result in a recommendation that her case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Given these facts, and in light of the Court's express warnings to Plaintiff that her claims would be dismissed if she failed to act, the Court sees no utility in imposing a sanction short of dismissal. Thus, all four of the factors weigh in favor of dismissal for failure to prosecute.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint **(ECF No. 1)** be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b). **IT IS FURTHER RECOMMENDED** that Defendant's motion to dismiss **(ECF No. 8)** be **DENIED AS MOOT**.

Dated: October 7, 2020                                       s/David R. Grand

Ann Arbor, Michigan                           DAVID R. GRAND
                                              United States Magistrate Judge


**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2020.

                                                   s/Eddrey O. Butts
                                                   EDDREY O. BUTTS
                                                   Case Manager