UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nicole M. Huby,

          Plaintiff,         Case No. 19-13419

v.                                Judith E. Levy
                                  United States District Judge

State of Michigan,

                                Mag. Judge David R. Grand

          Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) [18]**

Before the Court is Plaintiff Nicole M. Huby's "Motion for Relief from Order of Dismissal Pursuant to FRCP 60(b)(6)." (ECF No. 18.) Plaintiff asks that the Court set aside its order (ECF No. 16) adopting the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 15) and dismissing Plaintiff's case under Federal Rule of Civil Procedure 41(b).

For the reasons set forth below, Plaintiff's motion is denied.

I.   Background

On November 19, 2019, Plaintiff filed a complaint against Defendant State of Michigan. (ECF No. 1.) On December 26, 2019, all pretrial matters were referred to Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 4.)

On March 10, 2020, Defendant filed a motion to dismiss the complaint. (ECF No. 8.) On March 11, 2020, Magistrate Judge Grand issued an order requiring a response to Defendant's motion to dismiss. (ECF No. 9.) The order specified that Plaintiff's response was due on April 3, 2020, and that Defendant's reply was due on April 21, 2020. (*Id.* at PageID.71.) Magistrate Judge Grand then extended the response deadline numerous times. (*See* ECF No. 11 (granting Plaintiff's motion for a sixty-day extension and setting a response date of June 2, 2020); ECF No. 12, PageID.77–78 (directing Plaintiff to (1) show cause why Defendant's motion to dismiss should not be granted or (2) respond to the motion by July 21, 2020); 9/10/2020 Minute Entry (extending the response deadline to October 2, 2020).) He warned Plaintiff more than once about the possibility of granting Defendant's motion and of

2

dismissal under Rule 41(b). Plaintiff never responded to Defendant's motion.

On October 7, 2020, Magistrate Judge Grand issued an R&R that recommended denying as moot Defendant's motion to dismiss and dismissing Plaintiff's complaint under Rule 41(b). (ECF No. 15.) No objections to the R&R were filed. On February 9, 2021, the Court issued an order adopting the R&R and dismissing the case with prejudice. (ECF No. 16.) The Court also entered a judgment. (ECF No. 17.)

Over three years later, on May 7, 2024, Plaintiff filed her Rule 60(b)(6) motion. (ECF No. 18.) She argues that relief under Rule 60(b)(6) is warranted because of her prior attorney's failure to comply with deadlines. On May 22, 2024, Defendant filed a response opposing the motion. (ECF No. 20.) Plaintiff did not file a reply. On May 22, 2024, the Court issued a notice indicating that it would resolve Plaintiff's motion without oral argument. (ECF No. 21.) *See* E.D. Mich. LR 7.1(f)(2).

## II. Legal Standard

Plaintiff requests relief under Federal Rule of Civil Procedure 60(b)(6). That rule allows a court to "relieve a party . . . from a final

3

judgment[ or] order" for "any other reason [not listed in Rule 60(b)(1) through (5)[1]] that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this rule should be awarded exclusively in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). "While in '*rare cases*, [the Sixth Circuit] ha[s] found a lawyer's failures sufficiently egregious to warrant relief under Rule 60(b)(6),' a district court is not required to grant such a motion whenever an attorney performs poorly." *Pineda Transp., LLC v. FleetOne Factoring, LLC*, No. 22-6113, 2023 WL 9023358, at *3 (6th Cir. Nov. 2, 2023) (emphasis in original) (quoting *Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380,

---

[1] The reasons listed in Rule 60(b)(1) through (5) are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; [or]

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Fed. R. Civ. P. 60(b)(1)–(5).

383 (6th Cir. 2012)).[2] Moreover, "straightforward claims of attorney error and strategic miscalculation" are not a basis for relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002).

Whether to grant relief under Rule 60(b) is in the court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[T]he party seeking to set aside a final judgment[ or order] b[ears] the heavy burden of showing his entitlement to Rule 60 relief." *Ghaleb v. Am. S.S. Co.*, 770 F. App'x 249, 249–50 (6th Cir. 2019).

That burden includes timeliness. *Id.* "Any Rule 60(b) motion 'must be made within a reasonable time.'" *Id.* at 249 (quoting Fed. R. Civ. P. 60(c)(1)). "[T]he 'reasonable time' clock begins ticking when the movant is or should be aware of the factual basis for the motion." *Id.* The definition of "reasonable time" depends on the facts of each case. *Id.* at 250. The Sixth Circuit has held that a Rule 60(b) motion filed more than

---

[2] In fact, "the Supreme Court stated the general rule that 'clients must be held accountable for the acts and omissions of their attorneys.'" *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 594 (6th Cir. 2002*)* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)).

5

three years after the underlying order was untimely. *See Blachy v. Butcher*, 129 F. App'x 173, 178–79 (6th Cir. 2005).

### III. Analysis

Plaintiff seeks relief under Rule 60(b)(6) because her attorney committed nonfeasance. She argues that the court should "set aside the order of dismissal in the interest of justice." (ECF No. 18, PageID.98–99.) The Court has carefully reviewed Plaintiff's motion and Defendant's response. Plaintiff does not show that she is entitled to relief under Rule 60(b)(6). Plaintiff's motion is untimely, and she does not demonstrate that there are "unusual" or "extreme" circumstances. Therefore, the motion is denied.

### A. Plaintiff's Motion is Untimely

In her motion filed on May 7, 2024, Plaintiff seeks relief from the Court's order of dismissal entered over three years earlier on February 9, 2021. Plaintiff did not file meet her burden to file her motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see also Ghaleb,* 770 F. App'x at 250. As noted, "the 'reasonable time' clock begins ticking when the movant is or should be aware of the factual basis for the motion." *Ghaleb,* 770 F. App'x at 249. According to the motion, Plaintiff

"discovered" that the order of dismissal was entered on the day it was filed: February 9, 2021. (ECF No. 18, PageID.98.) She presumably should have been aware of her attorney's non-compliance with deadlines on that date. At a minimum, she likely was aware of the issue when she filed her attorney grievance on October 15, 2021. (*See id.* at PageID.105.) Plaintiff then filed her motion on May 7, 2024—over three years after her case was dismissed and two-and-one-half years after she filed a grievance complaint with the Attorney Grievance Commission.

Plaintiff claims that "there is justification for the lengthy delay" in filing her motion. (*Id.*) In arguing that her delay was justified, she references the "attorney grievance process . . . during the height of the covid pandemic." (*Id.*) However, Plaintiff does not state why she needed to wait for the grievance process to be completed before filing her Rule 60(b)(6) motion. Nor does she explain the nearly eight-month lapse between when the grievance decision was issued on September 21, 2023, and when she filed her motion on May 7, 2024.

Because of the approximately three-year delay in filing her motion after she was or should have been aware of her attorney's purported

7

negligence, Plaintiff did not file her motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see Ohio Cas. Ins. Co. v. Pulliam*, 182 F.3d 918 (6th Cir. 1999) (finding that a Rule 60(b)(6) motion was untimely because it was filed three years after the underlying judgment had been entered). "Even if [Plaintiff] had shown an extraordinary circumstance [that entitles her to relief under Rule 60(b)(6)], [her] motion would still be time-barred." *Foreman v. United States*, No. 1:08-cv-1115, 2016 WL 11738201, at *1 (W.D. Mich. Oct. 18, 2016). Therefore, the Court denies Plaintiff's Rule 60(b)(6) motion as untimely.

### B. Plaintiff Does Not Show "Unusual" or "Extreme" Circumstances Warranting Rule 60(b)(6) Relief

Even assuming Plaintiff had filed her motion "within a reasonable time," Fed. R. Civ. P. 60(c)(1), her motion would still be denied because she does not present an "unusual and extreme situation[ ] where principles of equity *mandate* relief" under Rule 60(b)(6). *Olle,* 910 F.2d at 365 (emphasis in original). Courts have rarely found that attorney error is such an unusual and extreme circumstance. In one case in which the Sixth Circuit determined that an attorney's gross misconduct warranted relief under Rule 60(b)(6), the defendant was granted relief because his attorney was suffering from mental illness and repeatedly

8

lied to his clients about the status of the case. *See, e.g., Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assoc., Inc.*, No. 98-5041, 1999 WL 98590, at *4 (6th Cir. Jan. 26, 1999). But the Sixth Circuit has stated in considering different circumstances that "straightforward claims of attorney error and strategic miscalculation" are not a basis for Rule 60(b)(6) relief. *McCurry*, 298 F.3d at 596. In this district, a court has denied a Rule 60(b)(6) motion because the plaintiff did "not show[ ] how its prior counsel was grossly negligent beyond stating that the prior counsel missed the deadline to file a response." *See RPD Eng'g, Inc. v. C.Z.*, No. 2:17-cv-12978, 2019 WL 8810353, at *4 (E.D. Mich. Sept. 9, 2019).

Here, Plaintiff does not meet "the heavy burden of showing [her] entitlement to Rule 60 relief." *Ghaleb*, 770 F. App'x at 250. She presents "straightforward claims of attorney error and strategic miscalculation." *McCurry,* 298 F.3d at 596. In addition, she does not establish gross negligence by her attorney "beyond stating that the prior counsel missed the deadline to file a response." *RPD Eng'g, Inc.*, 2019 WL 8810353, at *4; *see Valvoline Instant Oil Change Franchising, Inc.*, 1999 WL 98590, at *4. Thus, Plaintiff does not identify any "exceptional

9

circumstances" that mandate relief under Rule 60(b)(6). Therefore, the Court denies her Rule 60(b)(6) motion.[3]

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for relief from order of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated: December 2, 2024　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2024.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

---

[3] Defendant argues in its response that Plaintiff's motion should be denied because the Court should apply Rule 60(b)(1) to Plaintiff's motion. (ECF No. 20, PageID.4–5.) However, since the Court finds for the reasons set forth above that Plaintiff is not entitled to the relief she requests under Rule 60(b)(6), the Court need not address Defendant's argument regarding Rule 60(b)(1) here.

10